UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEVIN J. MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-2016 (ABJ) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss (ECF No. 7). For the reasons discussed below, the Court GRANTS the motion.

**I. BACKGROUND**

Plaintiff brings this action against David Stanley, Compl. (ECF No. 1-1) at 10, the Assistant United States Attorney who prosecuted the criminal case against plaintiff in the Superior Court of the District of Columbia. Def.'s Mem. (ECF No. 7-1) at 7.[1] Plaintiff alleges that, on January 26, 1981, Mr. Stanley "allowed [a witness] to testify" in the case, even though a "crime . . . never happened." Compl. at 10. Nevertheless, defendant represents, plaintiff "was found guilty . . . on charges of burglary of a dwelling and assault with intent to commit rape, and was sentenced on May 11, 1981, to an indeterminate sentence of ten to thirty years' imprisonment," consecutive to a lengthy term of imprisonment imposed by the State of Maryland. Def.'s Mem. at 6. Plaintiff

---

[1] Page numbers cited in this Memorandum Opinion are those designated by CM/ECF.

insists that no crime was ever committed, *see* Pl.'s Opp'n (ECF No. 9) at 2, and that "prosecutor[s] . . . seek prosecution . . . regardless if you [sic] innocent or not." *Id*.

Plaintiff, who was released from custody on January 20, 2023, Def.'s Mem. at 6, amended his complaint to add four defendants: the "two Ass[istant] U.S. Attorneys who represented the Government on appeal" of the criminal case, the estate of the late Judge Fred B. Ugast, and Judge Dayna Dayson.[2]  *See* Mot. Am. Compl. (ECF No. 6) at 1-2.  In addition, plaintiff increased his demand for damages from $126 million, Compl. at 10, to $ 2 billion.  Mot. Am. Compl. at 2.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  It is a plaintiff's burden to establish that the Court has subject matter jurisdiction, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and the Court must dismiss the case if the plaintiff cannot establish, by a preponderance of the evidence, that the Court has jurisdiction over it.  *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177 (D.D.C. 2007); *see* Fed. R. Civ. P. 12(h)(3). In reviewing such a motion, the Court "is not limited to the allegations set forth in the complaint" and "may consider materials outside the pleadings." *Morrow v. United States*, 723 F. Supp. 2d 71, 76 (D.D.C. 2010) (quoting *Jerome Stevens Pharm., Inc. v. Food & Drug Admin*., 402 F.3d 1249, 1253 (D.C. Cir. 2005)).  In deciding a motion brought under Rule 12(b)(1), the Court "accept[s]

---

[2]  The Clerk of Court neither issued summonses nor caused service of process to be effected on the unidentified Assistant United States Attorneys, the estate of Judge Ugast and Judge Dayson.  Thus, no counsel has entered an appearance and no motion has been filed on their behalf.  Rather, as discussed below, the Court presumes that the arguments made on behalf of Mr. Stanley apply equally to the two additional Assistant United States Attorneys, and, *sua sponte*, dismisses plaintiff's claims against Judges Ugast and Dayson.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (authorizing dismissal "at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief").

all of the factual allegations in the complaint as true." *Jerome Stevens Pharm.*, 402 F.3d at 1253 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Claims Against the Assistant United States Attorneys

Defendants, as does the Court, understand plaintiff to bring one tort claim: malicious prosecution. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that sovereign immunity bars the claim. *See generally* Def.'s Mem. at 10-13. Plaintiff responds that defendants have "no immunity when the hate crime has been practice[d] in the court of law," Pl.'s Opp'n at 3, as when defendants pursued an "illegal prosecution" against him, Surreply (ECF No. 11) at 2, causing years-long incarceration, beginning in 1979 when plaintiff was 24 years old and ending as his 70th birthday approached. *See id.* at 6. Plaintiff cites no legal authority for his position, however, without which he cannot overcome the merit of defendants' arguments.

#### 1. Sovereign Immunity and the Federal Tort Claims Act

Generally, the United States is immune from suit, "save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal quotation marks and brackets omitted)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994), and a "waiver of sovereign immunity must extend unambiguously" to the claim asserted. *Lane v. Peña,* 518 U.S. 187, 192 (1996).

The Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671–80, operates as a limited waiver of sovereign immunity which renders the United States amenable to suit for certain, but

not all, tort claims. *See, e.g.*, *Richards v. United States*, 369 U.S. 1, 6 (1962). Thus, a claimant may file suit for claims of "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b).

Upon the Attorney General's certification, the federal employees are dismissed as party defendants and the United States is substituted in their place. *See* 28 U.S.C. § 2679(d)(1). "Thereafter, the suit is governed by the [FTCA] and is subject to all of the FTCA's exceptions for actions in which the Government has not waived sovereign immunity." *Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009) (citation omitted).

For purposes of this Memorandum Opinion, the Court presumes that the Assistant United States Attorneys are sued in their official capacities.[3] Defendants certify that "David Stanley was acting within the scope of his employment as an employee of the United States of America at the time of the alleged incidents," Westfall Cert. (ECF No. 1-2), and the Court presumes that the same certification would be made with respect to the Assistant United States Attorneys representing the government on appeal of plaintiff's criminal case.

Plaintiff's malicious prosecution claim proceeds, if at all, under the FTCA. That said, two limitations on the FTCA's waiver of sovereign immunity require its dismissal.

---

[3] Plaintiff's claims against these defendants in their individual capacities progress no further. For starters, plaintiff fails to provide their full names and full residence addresses, as is required under Local Civil Rule 5.1(c)(1), without which the Clerk cannot issue summonses for service by the U.S. Marshals Service, *see* 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), on plaintiff's behalf. And none of these individuals has been served with process, without which the Court lacks personal jurisdiction over them. *See, e.g.*, *Baugh v. U.S. Capitol Police*, No. 22-cv-0139 (TJK), 2022 WL 2702325, at *5 (D.D.C. July 12, 2022).

### 2. Plaintiff Failed to Exhaust Administrative Remedies

"In order to bring suit under the FTCA, . . . a claimant must first satisfy the FTCA's exhaustion requirement under 28 U.S.C. § 2675(a)," *Norton v. United States*, 530 F. Supp. 3d 1, 5 (D.D.C. 2021), which provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have *first presented the claim to the appropriate Federal agency* and his claim shall have been *finally denied by the agency* in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). This requirement, that is, the presentment of a claim to the appropriate federal agency, is jurisdictional. *See Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997).

Here, plaintiff does not demonstrate that he exhausted his administrative remedies by first having presented his claim to the appropriate government agency, and his failure to do so means the Court lacks subject matter jurisdiction over his malicious prosecution claim. *See Henderson v. Ratner*, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. June 7, 2010) (per curiam) (affirming dismissal of FTCA claim where "[a]ppellant failed to demonstrate that he exhausted his administrative remedies before filing suit in the district court"); *Abdurrahman v. Engstrom*, 168 F. App'x 445, 445-46 (D.C. Cir. 2005) (per curiam) (affirming district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *Hammond v. Fed. Bureau of Prisons*, 740 F. Supp. 2d 105, 111 (D.D.C. 2010) (dismissing FTCA claim for lack of subject matter jurisdiction where plaintiff had not "established by a preponderance of the evidence that he

5

administratively exhausted his FTCA claim with the BOP before commencing this action"). Plaintiff's ignorance of FTCA's exhaustion requirement, *see* Pl.'s Opp'n at 3, is no excuse. *Pro se* litigants are "held to the same standard as litigants with counsel" where presentment is concerned. *Youmans v. Fed. Motor Carrier Safety Admin.*, No. 21-cv-1381 (RC), 2022 WL 2982453, at *3 (D.D.C. July 28, 2022) (citing *McNeil*, 508 U.S. at 113).[4]

### 3. Malicious Prosecution is Excepted from FTCA's Waiver

Even if plaintiff timely had presented his claim to the appropriate federal agency, he faces a second hurdle. Malicious prosecution is an intentional tort expressly excluded from the FTCA's waiver of sovereign immunity. *See* 28 U.S.C § 2680(h) ("The [FTCA] shall not apply to . . . [a]ny claim arising out of . . . malicious prosecution[.]"); *Wuterich*, 562 F.3d at 380 ("When [an] exception[] applies, the Attorney General's certification converts the tort suit into a FTCA action over which the federal court lacks subject matter jurisdiction and has the effect of altogether barring plaintiff's case.").

Plaintiff's last hope is an exception to this exception, known as the law enforcement proviso, which "extends the waiver of sovereign immunity to claims for six intentional torts . . . that are based on the 'acts or omissions of investigative or law enforcement officers.'" *Millbrook v. United States*, 569 U.S. 50, 52–53 (2013) (quoting 28 U.S.C. § 2680(h)); *see Liu v. Admin. Office of U.S. Courts*, No. 21-cv-0494 (TJK), 2022 WL 1184564, at *3 (D.D.C. Apr. 21, 2022).

---

[4] In addition, it appears that the time for plaintiff to have presented his administrative claim has expired. Ordinarily, a claimant must submit his administrative claim to the appropriate federal agency within two years after the tort claim accrues and must file his lawsuit in federal court within six months after the agency acts on the claim. *See* 28 U.S.C. § 2401(b). Plaintiff's claim accrued as early as 1981. While the limitations period is not jurisdictional and therefore amenable to equitable tolling, *see United States v. Kwai Fun Wong*, 575 U.S. 402, 410-12 (2015), plaintiff proffers no basis for tolling by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted).

The FTCA defines the term "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Unfortunately for plaintiff, prosecutors are not considered "investigative or law enforcement officers" for purposes of the FTCA. *See Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994) (stating that "the FTCA does not authorize suits for intentional torts based upon the actions of Government prosecutors"); *Lewis v. District of Columbia Police Dep't*, 271 F. Supp. 3d 177, 180 (D.D.C. 2017) (concluding that the United States Attorney "is not considered a law enforcement officer for purposes of the FTCA" such that the FTCA did not waive sovereign immunity for malicious prosecution and false arrest claims), *aff'd*, No. 17-5245, 2018 WL 1896537 (D.C. Cir. Apr. 3, 2018) (per curiam).

### B. Claims Against the Judges Ugast and Dayson

The Court presumes that any claim plaintiff has against the late Judge Ugast arose in the course of the criminal proceedings over which he presided, and, based on review of the Superior Court docket, any claim against Judge Dayson pertains to post-conviction matters, including plaintiff's motion for compassionate release, over which she presided. Absent any factual allegations describing the judges' actions, omissions or errors, the Court presumes that the judges were acting in their judicial capacities at all relevant times. Consequently, any claim against them is barred because both judges are protected by absolute judicial immunity from liability for damages for acts taken in their judicial capacities. *See Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (finding that "judge's decision to file or deny a party's motions or requests is an action routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit"), *aff'd*, No. 14-

5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015); *see also Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in damages"). Absent any showing by plaintiff that the judges' "actions [were] taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), they are "immune from damage suits for performance of tasks that are an integral part of the judicial process." *id*. at 1461 (citations omitted).

## IV. CONCLUSION

The Court concludes that sovereign immunity bars plaintiff's malicious prosecution claims against the United States for actions of the Assistant United States Attorneys, and that judicial immunity bars claims against Judges Ugast and Dayson. Accordingly, the Court GRANTS defendant's motion to dismiss. An Order is issued separately.

DATE:  April 17, 2025

/s/
AMY BERMAN JACKSON
United States District Judge